# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SCRUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV01443 TCM |
| ) | |
| GREYHOUND LINES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint. See 28 U.S.C. § 1915(a). After reviewing the complaint for frivolousness, maliciousness and for failure to state a claim under § 1915, the Court will order plaintiff to show cause why this action should not be dismissed as time-barred.

**The Complaint**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, alleging race discrimination by defendant her former employer, Greyhound Lines, Inc. Specifically, plaintiff alleges that defendant discriminated against her by terminating her employment.[1]

---

[1] Plaintiff's amended complaint lacks a certain degree of clarity; however, plaintiff has attached her charge of discrimination to the amended complaint, which the Court treats as part of her pleading for all intents and purposes. See Fed.R.Civ.P. 10(c). The charge sets forth plaintiff's allegations in a most succinct

Plaintiff alleges that she was employed by Greyhound as a bus driver beginning in April of 2010. She states that after an altercation with some passengers she was "taken out of service" on or about March 7, 2011. She asserts that on or about May 9, 2011, she was "informed that she had been terminated." She claims that she believes that the termination was racially discriminatory.

Plaintiff has included with her amended complaint a copy of her charge of discrimination and a copy of her right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Both documents are dated July 12, 2012.

## Discussion

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file her charge of discrimination with the EEOC within 300 days of the alleged discriminatory occurrence. See 42 U.S.C. § 2000e–5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto ..."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n. 3 (8th Cir.2007) (holding that the MCHR is such an agency per Mo.Rev.Stat. § 213.030). Title VII plaintiffs are required to exhaust

---

manner.

their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir.2011); Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim); Malone v. Ameren UE, No. 4:09CV00053, 2010 U.S. Dist. LEXIS 18611, at *6, 2010 WL 750075 (E.D.Mo. Mar. 2, 2010) (dismissing plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 180–81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

The complaint alleges that the discrimination occurred when she was terminated, on May 9, 2011. Plaintiff filed her charge of discrimination with the EEOC on July 12, 2012. Assuming the allegations in favor of plaintiff, the charge of discrimination was

filed outside the permissible 300–day period. Therefore, plaintiff's Title VII claims appear to be time-barred by 42 U.S.C. § 2000e–5(e)(1) and subject to dismissal for failure to timely exhaust her administrative remedies. Plaintiff will be directed to show cause why her case should not be dismissed as time-barred.

Additionally, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause, within thirty (30) days from the date of this Memorandum and Order, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

So Ordered this 20th day of November, 2012.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE