UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SCRUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV01443 TCM |
| ) | |
| GREYHOUND LINES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Order to Show Cause.[1] Having carefully reviewed plaintiff's response, the Court will order the Clerk to issue process on plaintiff's amended complaint.

**Background**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, alleging race discrimination by defendant her former employer, Greyhound Lines, Inc. Specifically, plaintiff alleges that defendant

---

[1]On November 20, 2012 this Court ordered plaintiff to show cause why her pro se employment discrimination complaint brought pursuant to 42 U.S.C. § 2000e, *et seq.*, should not be dismissed as time-barred.

discriminated against her by "taking her out of service" and terminating her employment.²

Plaintiff alleges that she was employed by Greyhound as a bus driver beginning in April of 2010. She states that after an altercation with some passengers she was "taken out of service" on or about March 7, 2011. She asserts that on or about May 9, 2011, she was "informed that she had been terminated." She claims that she believes that the termination was racially discriminatory.

Plaintiff has included with her amended complaint a copy of her charge of discrimination and a copy of her right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Both documents are dated July 12, 2012.

**Discussion**

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right to sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file her charge of discrimination with the EEOC within 300 days of the alleged discriminatory occurrence. See 42 U.S.C. § 2000e–5(e)(1) (providing for such a

---

²Plaintiff's amended complaint lacks a certain degree of clarity; however, plaintiff has attached her charge of discrimination to the amended complaint, which the Court treats as part of her pleading for all intents and purposes. See Fed.R.Civ.P. 10(c). The charge sets forth plaintiff's allegations in a most succinct manner.

period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto ..."). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

The complaint alleges that the discrimination occurred on two occasions, when she was "taken out of service" on March 7, 2011, and when she was terminated, on May 9, 2011. Plaintiff filed her actual charge of discrimination with the EEOC on July 12, 2012. Assuming the allegations in favor of plaintiff, the *charge of discrimination* was filed outside the permissible 300–day period. (emphasis added) Therefore, plaintiff's Title VII claims would appear to be time-barred by 42 U.S.C. § 2000e–5(e)(1) and subject to dismissal for failure to timely exhaust her administrative remedies.

However, in her response to the Order to Show Cause, plaintiff asserts that she "went to the EEOC to file a complaint" on April 19, 2011, which was within one month of the first alleged act of discrimination and prior to her termination from Greyhound. As evidence of her visit to the EEOC, she has attached an EEOC Intake Questionnaire to her response, which is dated as "received by" the EEOC on April 19, 2011. Plaintiff states that she spoke to an EEOC investigator on that date

who told her that she "had to wait until [she went] through the steps with the union before they [could] start the investigation." She states, "[T]hat's the reason I didn't file [a charge] at that time." She claims in her response that:

> when I went back to the EEOC and told them what had happened, and she told me that I was too late and I told here that the man that took my intake the first time told me to come back after the steps of arbitration. . . .I didn't misunderstand him I had someone with me at the time that he informed me that I had to go through the steps, first. She took my intake again and issued me the letter of right to sue, and the letter from the EEOC commission.

The filing of a timely charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court. Rather, it is a condition precedent and, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). In Turner v. Bowen, 862 F.2d 708 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit explained the kinds of circumstances that can support the equitable tolling of the statute of limitations:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927 (11th Cir.1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing

an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir.1979).

Turner, 862 F.2d at 710; see also, Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) (noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction). Equitable tolling, however, is an exceedingly narrow window of relief.

Under the limitations of § 1915 review, without the benefit of a factual record, the Court is simply unable to ascertain whether the doctrine of equitable tolling is available to plaintiff in these circumstances. As the Eighth Circuit noted in Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 450-51 (8th Cir. 1998), there are situations where misleading information provided to charging parties by employees of the EEOC can form a basis for equitable tolling. Because the issue of whether equitable tolling should be available to plaintiff in this instance will involve a clear factual record, the matter is more suitable for full briefing, rather than the limited factual review available to the Court on in forma pauperis review. As such, the Court will issue process on plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process on plaintiff's amended complaint as to defendant Greyhound Lines, Inc.

**IT IS FURTHER ORDERED** that, as neither defendant Boyd nor defendant Kaylor were named as defendants in plaintiff's amended complaint, the Clerk shall remove these defendants from the docket sheet.

So Ordered this 17th day of January, 2013.

*E. Richard Webber* (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE