UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE B. SCRUGGS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )    Case No. 4:12-cv-01443 SNLJ |
| | ) |
| GREYHOUND LINES, INC., | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this matter, *pro se*, against defendant Greyhound Lines, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (#16.)  The motion has been fully briefed and is now ripe for disposition.

**I.**     **Background**

For the purpose of defendant's motion to dismiss, the allegations set forth in plaintiff's complaint are presumed true.  Plaintiff was employed by Greyhound as a bus driver from April 2010 to May 9, 2011.  She does not state the protected category upon which Greyhound allegedly discriminated against her, but she does state that the discriminatory action was for terminating her employment and failing to accommodate her disability.  Plaintiff alleges that she was "taken out of service" on March 7, 2011 and that her employment was terminated on May 9, 2011.  Much of her complaint is devoted to describing the events of March 7, 2011, on which date plaintiff was driving a bus of passengers to St. Louis, Missouri.  Plaintiff alleges that, while stopped in Columbia, Missouri, she sat down in the driver's seat and realized her seat was wet. Another passenger told her that he had heard passengers talking about pouring urine into her seat.

Plaintiff got off the bus and closed the door and called 911.  Passengers complained that plaintiff had locked them on an extremely hot bus, but plaintiff denies that they were either locked on the bus or that the bus was hot.  She states that some passengers were using a cellphone camera to make a movie aboard the bus, and that they posted the video footage to YouTube under the name "crazy Greyhound drivers."  Plaintiff further states that she was told she was terminated because her behavior had been "unprofessional," but plaintiff says she does not understand what was unprofessional about her conduct.  Plaintiff does not state the protected category upon which Greyhound allegedly discriminated against her.  Instead, she checked the box for "other" and states "Greyhound didn't specifically, tell me what I was terminated for.  They said acted unprofessional.  I don't know, what I did to be unprofessional."  Only in her Charge of Discrimination does plaintiff state that she believes that she was terminated due to her race.[1]

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission on July 12, 2012.  She was issued a Right to Sue letter by the EEOC on the same day.  Plaintiff filed this lawsuit on August 8, 2012.  On October 22, 2012, this Court directed that plaintiff amend her complaint to articulate whether she is pursuing a claim under the Missouri Human Rights Act and the provide the Court with a copy of the right to sue letter she received from the EEOC.  Plaintiff filed her amended complaint on October 29, 2012.

Because plaintiff's Charge of Discrimination was filed more than a year after the alleged discriminatory events occurred, this Court ordered plaintiff to show cause why complaint should not be dismissed as time barred (#9).  She explained that when she originally went to the EEOC

---

[1]The Court notes that, under the "Other" section describing the discrimination upon which the suit is based, on page 2, plaintiff writes "Being that I was a black female, the people who faked the incident, the majority of them was white, to the best of my knowledge." Defendant contends that plaintiff does not indicate she was discriminated against because of her race, but this appears to be an oblique reference to racial discrimination by her employer.

2

on April 19, 2011, she filled out an intake form, someone there told her she could not file her Charge of Discrimination until her union-based arbitration proceedings had completed. (#10.) Plaintiff states that when she learned her union would not be taking her case to arbitration, she went back to the EEOC, and she was issued the right to sue letter. (*Id.*)

Based on those assertions, this Court held that, "without the benefit of a factual record, the Court is simply unable to ascertain whether the doctrine of equitable tolling is available to plaintiff in these circumstances." (#11 at 5.) The Court ordered that the complaint be served upon the defendant.

Defendant filed its motion to dismiss on February 19, 2013, on the basis that plaintiff had not adequately pleaded racial or other discrimination and that she had not exhausted her administrative remedies because she did not timely file a Charge of Discrimination with the EEOC.[2] Notably, plaintiff filed yet another lawsuit on February 20, 2013, alleging that the EEOC had failed to timely file her Charge of Discrimination. *See* Cause No. 4:13-cv-356 HEA. Judge Autrey dismissed that case on March 26, 2013.

Plaintiff filed a response memorandum (titled "Motion Not to Dismiss") on March 26, 2013, in which she repeats her allegations regarding the March 7, 2011 incident (#22). She asserts that she did not engage in unprofessional conduct during the March 7 incident and that the passengers lied to Greyhound in order to obtain free meal vouchers.

## II.     Legal Standard

A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550

---

[2]Defendant also argued that this lawsuit is duplicative of another lawsuit currently pending in this court. Indeed, on October 11, 2012, plaintiff filed suit in the Circuit Court for the City of St. Louis against Greyhound and others, and that matter was removed to this Court. *See* Cause No. 4:12-cv-2080 JCH. Judge Hamilton dismissed that suit as duplicative of this matter on June 11, 2013. Thus, defendant's argument that this matter is duplicative is now moot.

3

U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).  Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).  Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

## III. Discussion

Defendant contends that plaintiff's complaint must be dismissed because she has not pleaded sufficient facts for a racial discrimination claim and because she has not exhausted her administrative remedies. The Court will address defendant's exhaustion argument first.

### A. Exhaustion of Administrative Remedies

Title VII requires a plaintiff to exhaust her administrative remedies before filing a lawsuit by filing a Charge of Discrimination with the EEOC. *See Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). "To exhaust her remedies, a Title VII plaintiff must timely file her charges with the EEOC and receive, from the EEOC, a 'right to sue' letter." *Id.* (citing 42 U.S.C. § 2000e-5(b), (c), (e)). Plaintiff alleges that the discrimination occurred on March 7, 2011 (when she was "taken out of service") and on May 9, 2011 (when she was terminated). Plaintiff filed her charge of discrimination with the EEOC on July 12, 2012. As the Court observed in its January 17, 2013 Memorandum and Order (#11), the charge of discrimination was not filed within 300 days of the alleged discrimination, which is required by 42 U.S.C. § 2000e-5(e)(1), and plaintiff's claims appear to be time-barred.

However, as the Court also observed in its January 17 Memorandum and Order, equitable tolling of the 300-day period may be available to plaintiff. (#11 at 5.) Plaintiff states that she went to the EEOC on April 19, 2011, which is well within the 300-day period. Plaintiff attached to her Response to the Order to Show Cause a copy of her Intake Questionnaire, which was signed by her and dated and stamped April 19, 2011, and on which she checked the box indicating "I want to file a charge of discrimination." But plaintiff states she was told by an investigator to wait until she had gone through the steps with her union before starting an investigation with the EEOC. As this Court acknowledged in its January 17 Memorandum and Order, "equitable circumstances that might toll a limitations period involve conduct (by someone

5

other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988), *quoted in* #11 at 4.  This Court concluded that "without the benefit of a factual record, the Court is simply unable to ascertain whether the doctrine of equitable tolling is available to plaintiff in these circumstances." (#11 at 5.)

Defendant contends in its motion that plaintiff cannot meet her burden to show equitable tolling applies to her because her statements are unverified and because the alleged statements by the EEOC investigator are unverifiable.  Further, defendant points out that the intake questionnaire itself contained two statements about how charges of discrimination must be timely filed, and that plaintiff must have been aware of her obligations to file a charge of discrimination within the 300-day period.  However, it is plain that the Court cannot make a determination regarding whether equitable tolling applies from the current record.  As the defendant points out, the facts surrounding plaintiff's April 2011 EEOC encounter are not contained in her complaint.  Regardless, the Court need not address whether plaintiff is entitled to further litigate whether equitable tolling applies because her complaint she has not adequately pleaded racial discrimination.

**B.     Failure to State a Claim**

In order to maintain an action for racial discrimination, plaintiff must plead and prove that (1) she belonged to a protected class; (2) she was qualified to perform her job; (3) she suffered an adverse employment action; and (4) "that there are facts that permit an inference of discrimination." *Taylor v. Southwestern Bell Telephone Co.*, 251 F.3d 735, 740 (8th Cir. 2001). Because plaintiff is proceeding *pro se*, her pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Ellis v. Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the

6

reasonable inference that the respondent is liable for the misconduct alleged." *Cole*, 599 F.3d at 861.  Although plaintiff's complaint is not a model of clarity, plaintiff has set forth that she is (1) black or African American and thus a member of a protected class, and (2) qualified to perform her job because she had received a letter commending her for her year of service as a Greyhound driver.  Plaintiff also clearly shows (3) that she suffered an adverse employment action because she was removed from service and then fired.

  As for point (4), defendant asserts plaintiff has not sufficiently alleged facts that permit an inference of discrimination.  For example, plaintiff has not shown she was treated differently from similarly-situated employees who are not in her protected class.  *See, e.g.*, *Taylor*, 251 F.3d at 740.  The Court has carefully reviewed plaintiff's complaint, and the only facts that speak to this issue are contained in plaintiff's charge of discrimination.  Plaintiff there asserts that "the employer took the word of some customers rather than my word as an employee.  I am aware of other black drivers who have been suspended and/or terminated based on customer complaints. I am not aware of any white drivers about whom customers have complained."

  Defendant contends that plaintiff's admission that she is unaware of any similarly situated employees who are not in her protected class is fatal to her claim.  The Court disagrees that her admission is fatal to her claim as a matter of law.  However, the Court agrees that plaintiff has not alleged any other facts that would permit an inference of discrimination.  Plaintiff alleges that she became upset and left her bus when she sat in what she believed to be urine.  After investigation (that may have included viewing the YouTube videos posted by passengers), defendant decided to terminate plaintiff's employment.  Plaintiff alleges that the passengers lied and her employer did not believe plaintiff's side of the story, but, even taking plaintiff's

7

allegations as true, plaintiff has not alleged any facts to permit an inference of racial discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#16) is GRANTED.

Dated this   25th   day of September, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE